UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ANTHONY LOVELL SMITH                                                                                    Plaintiff

v.                                                                                        Civil Action No. 3:25-CV-209-RGJ

JAMES VILT, JR., *et al.*                                                                              Defendants

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on an initial review of Plaintiff Anthony Lovell Smith's *pro se* civil complaint pursuant to 28 U.S.C. § 1915(e).

**I.**

Plaintiff filed this *pro se* civil action under 42 U.S.C. § 1983 arising out of the handling of his appeal in another civil-rights action. Plaintiff names as Defendants employees of this Court as well as of the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit"): James Vilt, Jr., the Clerk of the Western District of Kentucky; Kelly Stephans, Clerk of the Sixth Circuit; Roy Ford, Case Manager with the Sixth Circuit; and John/Jane Does 1–3 in their individual and official capacities [DE 1].

Plaintiff also filed a notice of judicial facts for the record [DE 7], a supplement to the complaint and notice of intent to enter suppressed federal record [DE 8], and a motion to correct typographical error in Plaintiff's filings [DE 11]. The Court construes these filings as supplements to the complaint pursuant to Federal Rule of Civil Procedure 15(d) and has considered them in conducting this initial review.

## II.

Plaintiff represents that on March 20, 2025, he filed a notice of appeal with the Western District of Kentucky "following the unconstitutional dismissal of his civil rights case against Wayside Christian Mission" in *Smith v. Wayside Christian Mission*, Civil Action No. 3:25-cv-00143-DJH. [DE 8 at 2, DE 1 at 3]. Plaintiff contends that after failing to receive notice from the Sixth Circuit that his appeal had been filed, he personally called the Western District of Kentucky's Clerk's Office where he was informed that no appeal had been filed and "was dismissed in a condescending and dismissive manner." [DE 1 at 3]. He then contacted the Clerk's Office for the Sixth Circuit Court of Appeals and was instructed to contact the district court. [*Id.*].

Plaintiff states that on March 28, 2025, he submitted a motion to reinstate or recognize appeal to both the Western District of Kentucky and the Sixth Circuit. [DE 7 at 2, DE 1 at 3]. On April 2, 2025, Defendant Stephans issued an official transmittal letter to Defendant Vilt confirming that the Sixth Circuit had received the notice of appeal "mistakenly filed in the appellate court and instructed the lower court to docket it accordingly." [DE 7 at 2]. Plaintiff alleges that Defendant Stephans improperly directed Defendant Vilt "to treat the March 28 Motion to Reinstate as if it were Plaintiff's original Notice of Appeal" pursuant to Federal Rule of Appellate Procedure 4(d) constituting obstruction of justice and conspiracy "in violation of 18 U.S.C. §§ 241, 242." [DE 8 at 2–3]. Plaintiff states that the original notice of appeal had already been filed on March 20, 2025, and that Defendant Stephans's direction served to "erase the real appellate timeline." [*Id.* at 3]. Plaintiff maintains that Defendants caused a delay in transmission and docketing of the appeal, created a cover letter containing false factual assertions and misrepresentations, and unnecessarily notified Plaintiff. [DE 1 at 5].

Plaintiff claims that he was not notified of the docketing of his appeal until April 9, 2025. [DE 1 at 3]. Plaintiff asserts that despite the Sixth Circuit's docketing of the appeal, District Judge David Hale entered a new order on April 11, 2025, denying Plaintiff's *in forma pauperis* application as it related to the same appeal now pending before the Sixth Circuit. [DE 7 at 2]. Plaintiff alleges that Judge Hale exercised jurisdiction over the case which the district court no longer possessed and that the order violated Federal Rules of Appellate Practice 3(a) and 24(a), interfered with Plaintiff's access to appellate review, and caused potential due process and equal protection harms. [*Id.*].

Plaintiff also complains that Defendant Ford informed Plaintiff via letter that his pauper status had been revoked and threatened to dismiss the appeal unless he paid the $605 filing fee by May 12, 2025, "despite having qualified for in forma pauperis previously and despite these delays not being his fault." [DE 1 at 4]. Plaintiff further alleges that the Clerk's Offices engaged in a procedural conspiracy to manipulate "court records designed to suppress Plaintiff's lawful federal appeal and distort the docket chronology." [DE 8].

As a result of these alleged actions, Plaintiff filed the instant action against Defendants alleging constitutional violations, including obstruction and denial of access to the courts, suppression of federal filings, due process and equal protection infringements under the First, Fifth, and Fourteenth Amendments, and criminal violations for conspiracy under 18 U.S.C. §§ 241 and 242. Plaintiff seeks compensatory and punitive damages. [DE 1 at 9].

**III.**

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court

must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does

a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### IV.

#### A.  Section 1983 Claims

Title 42 U.S.C. § 1983 is the operative statute for civil-rights claims against Defendants employed by a state or local government, whereas civil-rights suits against federal employees are brought under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).  Section 1983 actions and *Bivens* actions are analogous.  See *King v. Fuller*, No. 4:08-cv-36, 2008 WL 4613076, at *2 (E.D. Tenn. Oct. 15, 2008) (finding "a *Bivens* action is analogous to an action under § 1983" and noting that "the decisional law developed under § 1983 generally applies in *Bivens*-type actions"). Defendants are federal actors instead of state actors and not subject to suit under § 1983. Accordingly, the Court will construe Plaintiff's civil-rights suit against these federal employees as brought under *Bivens*.

#### B.  *Bivens* Action

##### 1.  *Official-Capacity Claims*

*Bivens* recognizes an implied private right of action for damages against individual federal government officials who violate a citizen's constitutional or federal statutory rights under color of federal law.  *Brown v. U.S. Dep't of Just.*, No. 3:23-CV-00072-JHM, 2023 WL 6929814, at *2 (W.D. Ky. Oct. 19, 2023).   However, "a *Bivens* claim may not be asserted against a federal officer in his official capacity."  *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991); *see also Borden v. Fed. Defs. Off.*, No. 1:15CV-P29-GNS, 2015 WL 8366739, at *3–4 (W.D. Ky. Dec. 8, 2015). In other words, federal employees sued in their official capacity are immune from suit unless sovereign immunity has been expressly waived.  *Blakely v. United States*, 276 F.3d 853, 870

(6th Cir. 2002); *Cater v. Sanders*, No. 3:21-CV-P675-RGJ, 2023 WL 2250000, at *3 (W.D. Ky. Feb. 27, 2023). "*Bivens* did not abrogate the sovereign immunity of the United States or that of a federal agency." S*cott v. U.S. Dep't of Justice*, No. 2:21-CV-11146, 2021 WL 2895293, at *3 (E.D. Mich. July 9, 2021); *see also LeVay v. Morken*, 598 F. Supp. 3d 655, 663 (E.D. Mich. 2022) ("The only remedy available under *Bivens* is money damages from an individual federal employee."); *Olita v. United States*, No. 21-2763-JTF-TMP, 2022 WL 874179, at *1 (W.D. Tenn. Mar. 23, 2022) (same). The Court, therefore, will dismiss the *Bivens* claims against Defendants in their official capacities for failure to state a claim upon which relief may be granted.

2. *Individual-Capacity Claims*

Plaintiff alleges that Defendants—all employees of the Clerk's Offices in the Western District of Kentucky and Sixth Circuit—violated his First, Fifth, and Fourteenth Amendments rights in their handling of his appeal in another civil-rights action.

"Absolute judicial immunity is extended to non-judicial officers who perform 'quasi-judicial' duties." *MacArthur v. Eaton Cnty. 56A Dist. Ct.*, No. 1:21-cv-775, 2021 WL 4621778, at *3 (W.D. Mich. Oct. 7, 2021). "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842 (6th Cir. 1994) (probate court administrator entitled to quasi-judicial immunity for his role in carrying out the orders of the court). A court clerk or a clerk's office employee "who performs tasks that are an integral part of the judicial process is entitled to absolute quasi-judicial immunity from suits for damages." *McGee v. United States*, No. 1:10-cv-521, 2010 WL 3211037, at *2 (S.D. Ohio Aug. 12, 2010) (citing *Gallagher v. Lane*, 75 F. App'x 440, 441 (6th Cir. 2003)). "'When a clerk files or refuses to file a document with the court, he is entitled to immunity, provided the acts complained of are within

the clerk's jurisdiction.'" *McGee*, 2010 WL 3211037, at *2 (quoting *Harris v. Suter*, 3 F. App'x 365, 366 (6th Cir. 2001) (per curiam) (citing *Mullis v. U.S. Bankr. Ct. for the Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987))).[1]

In the instant case, Plaintiff alleges that Defendants refused to file or improperly filed his appeal and issued improper orders and notices in his appeal. "These functions are intimately related to the judicial process and fall squarely within the scope of the clerks' quasi-judicial immunity." *McGee*, 2010 WL 3211037, at *3. Accordingly, the Court concludes that Defendants have quasi-judicial immunity because their alleged acts were judicial in nature and were not taken in a complete absence of jurisdiction. As a result, Defendants are entitled to absolute quasi-judicial immunity, and Plaintiff's claims against them must be dismissed for seeking monetary relief against a defendant who is immune from such relief.

C. **18 U.S.C. §§ 241 and 242**

Finally, in as much as Plaintiff seeks to hold Defendants liable under federal criminal statutes, 18 U.S.C. §§ 241 and 242, courts "have consistently held that neither 18 U.S.C. § 241 nor 242 creates a private cause of action." *Johnson v. Kentucky*, No. 4:21-CV-44-JHM, 2021 WL

---

[1] *See also Hopson v. Hunt*, No. 21-3101, 2023 WL 9422323, at *2 (6th Cir. May 30, 2023) (court clerk entitled to quasi-judicial immunity); *Ward v. City of Norwalk*, 640 F. App'x 462, 466–67 (6th Cir. 2016); *Bradley v. United States*, 84 F. App'x 492, 493 (6th Cir. 2003) (law clerk and court clerk entitled to absolute judicial immunity for alleged delay in filing habeas petition); *Carlton v. Baird*, 72 F. App'x. 367 (6th Cir. 2003) (per curiam) (state-court clerk's office employees entitled to absolute quasi-judicial immunity from § 1983 suit arising out of refusal to file complaint due to inmate's failure to pay a complete filing fee); *Fish v. Murphy*, 22 F. App'x 480, 482 (6th Cir. 2001) (clerk who misfiled document leading to dismissal of plaintiff's suit entitled to judicial immunity); *Odom v. Martin*, 229 F.3d 1153 (6th Cir. 2000) (Sixth Circuit Clerk of Court entitled to immunity by entering a court order in his capacity as court clerk); *Mwonyonyi v. Gieszl*, No. 89–5495, 1990 WL 10713 (6th Cir. Feb. 9, 1990) (deputy clerk of court entitled to absolute quasi-judicial immunity from damages on claim he refused to file document submitted by plaintiff); *Rodman v. Dalton*, No. 89–3011, 1989 WL 113898 (6th Cir. Oct.2, 1989) (per curiam) (state-court judge, clerk, and prosecutor entitled to quasi-judicial immunity from damages for allegedly failing to file plaintiffs' proposed criminal complaint and affidavit); *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988) ("It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions."); *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir. 1973) (finding that "[a]s the plaintiffs' charge relates to an act performed by the Clerk within the scope of his quasi-judicial duties, this defendant is entitled to immunity*"); Davis v. McAteer*, 431 F.2d 81, 82 (8th Cir. 1970) (stating that "[t]his court and others have specifically held that clerks of court are entitled to immunity the same as judges").

2908113, at *3 (W.D. Ky. July 9, 2021); *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003); *Lillacalenia v. Life Storage Inc.*, No. 3:24-CV-162-RGJ, 2024 WL 1942139, at *2 (W.D. Ky. May 2, 2024). Consequently, Plaintiff's claims based on these statutes will be dismissed for failure to state a claim.

V.

For these reasons, the Court will dismiss the action by separate Order.

**IT IS ORDERED** as follows:

1. Plaintiff's notice of judicial facts for the record [DE 7] and Plaintiff's supplement to the complaint and notice of intent to enter suppressed federal record [DE 8] are **CONSTRUED** as supplements to the complaint.

2. Plaintiff's motion to correct the spelling of Defendant Kelly Stephans's name [DN 11] is **GRANTED**.

Date: April 29, 2025

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
A961.014